**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CANDACE NEJAT AND ILU.LILY DESIGNS, LLC, Individually and on behalf of a class of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA LLC,<br><br>Defendant. | CASE ACTION NO.<br><br>**NOTICE OF REMOVAL** |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE,** that Defendant Jaguar Land Rover North America, LLC ("JLRNA"), by and through its attorneys, hereby removes this matter to this Court from the Superior Court of New Jersey, Law Division, Civil Part, Camden County pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In support of removal, JLRNA alleges as follows:

1. Plaintiffs initiated this action in the Superior Court of New Jersey, Law Division, Civil Part, Camden County by filing a complaint (the "Complaint") on June 21, 2021. A copy of the Complaint is attached as **Exhibit A**.

2. Pursuant to Local Civil Rule 10.1(a), the addresses of the named parties are:

Candace Nejat
1879 Old Cuthbert Road, Suite 25,
Cherry Hill, New Jersey 08034

Ilu.Lily Designs, LLC
1879 Old Cuthbert Road, Suite 25,
Cherry Hill, New Jersey 08034

Jaguar Land Rover North America, LLC
100 Jaguar Land Rover Way
Mahwah, New Jersey 07495

*See* Ex. A, ¶¶ 14-15.

3. The Complaint seeks class certification on behalf of a nationwide class and a New Jersey-specific subclass. *See* Ex. A, ¶¶ 154-206.

4. JLRNA was served with the complaint on July 8, 2021. Plaintiffs' Complaint is the only process, pleading, or order served on JLRNA. 28 U.S.C. § 1446(a).

5. This Notice of Removal is timely because JLRNA is filing it within thirty days from the date on which it was served with the Complaint. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C).

6. Plaintiffs allege, *inter alia*, that the JLRNA vehicles sold or leased to them were defective insofar as the diesel particulate filter ("DPF") is prone to becoming clogged under normal operating conditions, thereby decreasing performance and violating certain warranty and consumer fraud statutes. *See* Ex. A, ¶¶ 1-8; 19-26.

7. Plaintiffs allege five causes of action as against JLRNA: (1) violations of the New Jersey Consumer Fraud Act ("NJCFA"); (2) breach of express warranty and violations of the Magnuson-Moss Warranty Act ("MMWA"); (3) breach of the implied warranty of merchantability; (4) violations of the Truth-in-Consumer Contract Warranty and Notice Act ("TCCWNA"); and (5) unjust enrichment. *See* Ex. A, ¶¶ 207-395.

8. Plaintiffs seek damages in the amount of: (i) the diminution in the vehicle's value, *id.*, ¶ 258; (ii) the price of the vehicle or payments made toward a vehicle, *id.*, ¶¶ 261-263; (iii) the cost of replacement goods such as a substitute vehicle and the cost of repairs to the vehicle,

*id.*, ¶ 265; (iv) any out-of-pocket losses, *id.*, ¶ 267; and (v) treble damages under the NJCFA, *id.*, ¶ 279.

**MINIMAL DIVERSITY OF CITIZENSHIP EXISTS**

9. Pursuant to 28 U.S.C. § 1332(d)(2)(A), diversity of citizenship exists for a removal under the Class Action Fairness Act ("CAFA") where "any member of a class of plaintiffs is a citizen of a State different from any defendants."

10. Here, plaintiffs seek to certify a nationwide class as well as a New Jersey-specific subclass. *See* Ex. A, ¶¶ 154-206.

11. The nationwide class plaintiffs seek to certify includes "[a]ll persons who purchased or leased a diesel engine-powered 2017-2021 Land Rover Range Rover or other diesel engine-powered Jaguar Land Rover vehicle equipped with a substantially similar DPF system within the United States." *See* Ex. A, ¶ 155.

12. The nationwide class will necessarily include class members that are residents of states other than New Jersey.

13. JLRNA is a New Jersey domiciliary.

14. Accordingly, the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A) is satisfied.

15. Only approximately 7% of JLRNA's total sales or leases of engine-powered vehicles between 2017 and 2021 took place at New Jersey-based dealerships. *See* Declaration of Richard J. King, ¶ 6. Accordingly, fewer than two-thirds of the proposed class members will be New Jersey residents. Therefore, this Court should not decline to exercise jurisdiction under CAFA's "local controversy exception," 28 U.S.C. § 1332(d)(4).

16. Likewise, because only approximately 7% of JLRNA's total sales or leases of engine-powered vehicles between 2017 and 2021 took place at New Jersey-based dealerships, *see* Declaration of Richard J. King, ¶ 6, fewer than one-third of the proposed class members will be New Jersey residents. Therefore, this Court should not decline to exercise jurisdiction under CAFA's discretionary abstention clause, 28 U.S.C. § 1332(d)(3).

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

17. Pursuant to 28 U.S.C. § 1332(d)(2), CAFA confers federal jurisdiction upon any class action which meets the minimal diversity requirement and in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

18. Here, when calculating the potential damages pursuant to the measure of damages sought by plaintiffs in the Complaint, the amount in controversy is well in excess of $5,000,000. *See* Declaration of Richard J. King, ¶¶ 7-8.

19. One of the measures of damages alleged in the Complaint is the price of the vehicle. Ex. A, ¶¶ 261-263.

20. Although JLRNA denies liability for these damages, when calculating total damages based on vehicle price, the damages measure could be in excess of $390 million. *See* Declaration of Richard J. King, ¶¶ 7-9.

21. This measure far exceeds CAFA's $5,000,000 amount in controversy requirement, *see* 28 U.S.C. § 1332(d)(2).

22. Moreover, plaintiffs seek treble damages under the NJCFA. *See* Ex. A, ¶ 279. This allegation will only further increase the potential damages sought and ultimately, the amount in controversy.

23. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied.

**THE MMWA DOES NOT PRECLUDE FEDERAL JURISDICTION UNDER CAFA**

24. The MMWA includes a "carve-out" which precludes a District Court from exercising federal question jurisdiction over MMWA claims in which "the action is brought as a class action, and the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3)(C).

25. The exception codified in Section 2310(d)(3)(C) applies *only* to matters seeking jurisdiction pursuant to federal question jurisdiction.

26. Indeed, courts in this District have held that "[Section] 1332(d)(2) of CAFA [] creates an alternative basis for federal jurisdiction over [an] MMWA claim." *McCalley v. Samsung Elecs. Am., Inc.*, No. 07-2141, 2008 WL 878402, at *4 (D.N.J. Mar. 31, 2008) (citations omitted); *see also Rossi v. Proctor & Gamble Co.*, No. 11-7238, 2012 WL 12914668, at *2 (D.N.J. July 10, 2012) (same); *Payne v. Fujifilm U.S.A., Inc.*, No. 07-385, 2007 WL 4591281, at *7 (D.N.J. Dec. 28, 2007) (same).

27. This holding is consistent with those from courts outside this Circuit as well. *See Kuns v. Ford Motor Co.*, 543 F. App'x 572, 579 (6th Cir. 2013) (holding that CAFA – as the more recently enacted statute than the MMWA – can render a District Court a court of competent jurisdiction and permit it to retain jurisdiction where the CAFA prerequisites are met but those of the MMWA are not); *see also Chavis v. Fidelity Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 626 (D.S.C. 2006) (holding that Congress must have been aware of the MMWA's limited jurisdictional provisions and intended to expand them with CAFA).

28. Accordingly, the MMWA does not preclude federal jurisdiction under CAFA in this instance, where the prerequisites of CAFA have been met.

## VENUE

29. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441(a).

## NOTICE

30. JLRNA will promptly serve plaintiff with this Notice of Removal and file a copy of this Notice of Removal with the clerk of the Superior Court of New Jersey, Law Division, Civil Part, Camden County, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, JLRNA respectfully removes this matter to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: August 6, 2021

**DUANE MORRIS LLP**

By: *s/ Dana B. Klinges*

Dana B. Klinges, Esq.
Matthew S. Decker, Esq.
30 South 17th Street
Philadelphia, PA 19103-4196

Matthew M. Caminiti
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, NJ 07102-5649

*Attorneys for Defendant*
*Jaguar Land Rover North America, LLC*

**CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify that, to the best of my knowledge, the matters raised herein are not subject to any pending lawsuit.

*s/ Dana B. Klinges*

**CERTIFICATION OF SERVICE**

I, Matthew M. Caminiti, hereby certify that I caused to be served a true and correct copy of the Notice of Filing of the Notice of Removal on the 6th day of August, 2021, as follows:

**Via Electronic Filing and Regular Mail**

Paul Depetris, Esq.
Lee M. Perlman, Esq.
Perlman-Depetris Consumer Law
1926 Greentree Road, Suite 100
Cherry Hill, NJ 08003
*Attorneys for Plaintiffs*

Lewis G. Adler, Esq.
Law Offices of Lewis G. Adler
26 Newton Avenue
Woodbury, NJ 08096
*Attorneys for Plaintiffs*

*s/ Matthew M. Caminiti*
Matthew M. Caminiti, Esq.